By the Court.
The defendant in error, William G. Schober, was tried and convicted by the probate' court of Lake county of unlawfully and knowingly selling certain intoxicating liquors, “not then and there having beén duly licensed.” This judgment was -affirmed by the court of common pleas. Upon error it was reversed by the court of appeals, which latter judgment is now here for review.
The record shows that Schober was a licensee in Cuyahoga county as a retail liquor dealer, and, while such licensee, sold a case of beer within the limits of Lake county.
It is conceded that Lake county was dry territory.
Under favor of Section 56 of the liquor license act, Schober challenged the jurisdiction of the pro *568 bate court of Lake county to try his case. The objection was overruled. This is the sole question in this case, Had the probate court jurisdiction?
The pertinent part of this section reads:
“No licensee, agent or employe of a licensee shall be held to answer for an offense under any laws or ordinances regulating the sale or traffic in intoxicating liquors before any probate court; or before any judicial officer whose court is held without the confines of the municipal corporation or township within which the offense is alleged to have been committed, except a judge of the common pleas court.”
This language is concededly awkward and ambiguous, but, in construing it, all the various sections of the license act must be considered together in determining the meaning of any doubtful provision.
The manifest purpose of the license amendment to the Ohio Constitution, and of the license statutes, was to regulate the sale of intoxicating liquor in wet territory. Accordingly the wet territory of the state was divided into districts, each county that contained any wet territory constituting a district.
The county liquor license board was authorized to grant licenses in the wet territory. The licensee ' could conduct his business in lawful wet territory, and was given the right to be tried for any violation of any statute or ordinance regulating the sale or traffic in intoxicating liquors, by certain judicial officers, excluding the probate judge of his own county, where that county was wholly or partially wet territory.
*569 Does the language of the statute exclude the probate judges of dry territory?
It is conceded of course that the liquor license act does not apply to dry territory and hence it follows that it could not apply to Lake county.
Section 56, above quoted, used the language, “No licensee * * * shall be held to answer for an offense under any laws or ordinances regulating the sale or traffic in intoxicating liquors.” The use of the word “regulating” is doubly significant here. It shows clearly and convincingly that the offenses referred to under that section are those that relate to “regulating” not “prohibiting.” In Cuyahoga county the sale is regulated. In Lake county it is prohibited. Schober was tried in Lake county for an act that was entirely prohibited in Lake county, not regulated, an act entirely outside of anything contemplated in the license act.
When a licensee of wet territory violates any liquor law in dry territory, he is merely the usual law violator, prosecuted as such, and in any court in which any other violator of liquor laws may be prosecuted.
The privileges of Section 56 only apply to him where he is a licensee within the general purview of the license act. i
The judgment of the court of appeals is reversed and the judgments of the court of common pleas and probate court are affirmed.

Judgment reversed.

Nichols, C. J., Wanamaker, Newman, Jones, Matthias, Johnson and Donahue, JJ., concur.